UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

*In re:*                                                                                   Chapter 11

WEST BROWARD CHURCH OF GOD, INC.,               CASE NO. 12-22665-JKO,
    Debtor.
_____/

### SUNTRUST BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY, SEEKING ADEQUATE PROTECTION

**Any interested party who fails to file and serve a written response to this motion within 15 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C.A. §§ 361, 362, and 554 of the Bankruptcy Code, SUNTRUST BANK, ("SunTrust"), a Creditor with a secured claim, by and through its undersigned counsel, hereby files this Motion for Relief from the Automatic Stay, or Alternatively, seeking Adequate Protection, (the "Motion") with respect to certain property held by, Debtor, WEST BROWARD CHURCH OF GOD, INC., more particularly described herein, and in support thereof, would state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND**

3.  On May 24, 2012 (the "Petition Date"), Debtor, WEST BROWARD CHURCH OF GOD, INC., ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.  This matter is brought pursuant to the above referenced provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, seeking the entry of an Order terminating the Automatic Stay, imposed by §362(a) of the Bankruptcy Code to permit SunTrust to exercise any and all of its rights as a secured party, including the right to proceed to foreclose on the property which is subject to Creditor, SunTrust's Security Interest.

5.  Prior to the Petition Date, on or about May 31, 2005, Cecil Crichlow, as Director, Ferdle Morgan, as Treasurer / Director and Maurice A. Clarke, Sr., as President / Director of Debtor, executed a Commercial Note No. 18, in the principal amount of $693,75000, in favor of SunTrust, and a Commercial Mortgage and Security Agreement in favor of SunTrust, which Mortgage secures the following real property located in Broward County Florida:

> **Unit D of Headway Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 37696, Page 1080 and all exhibits and amendments thereof, Public Records of Broward County, Florida.**
>
> **AKA: Parcel Identification Number 4942 18 AC 0040**.
>
> **AKA: 4760 North State Road 7, Building D, Lauderdale Lakes, Florida 33319**

6.  Prior to the Petition Date, Debtors agreed to, but failed to make the required monthly payments in accordance with the terms of the Note. A true and correct copy of the Commercial Note and Commercial Mortgage and Security Agreement is attached hereto as Exhibits "A" and "B".

2

SunTrust is the owner and holder of said Commercial Note, and Commercial Mortgage and Security Agreement, Exhibits "A" and "B" hereto. Prior to the Bankruptcy filing, SunTrust entered into a Forbearance Agreement with Debtor. Debtor defaulted in payments under the Agreement and suit was filed to foreclose SunTrust's Mortgage. As of the date of filing the Petition, the Debtor owed SunTrust Bank $572,238.74, as evidenced by a Final Judgment of Foreclosure, dated February 28, 2012, with a foreclosure sale date scheduled for May 29, 2012.

7. The Debtor filed a Chapter 11 Bankruptcy to halt the foreclosure sale, even after SunTrust had agreed to a 90 day time period from the date of entry of the Final Judgment of Foreclosure.

8. SunTrust is being damaged by the continuation of the automatic stay as SunTrust is not receiving payments and is unable to take actions necessary to foreclose or otherwise enforce its security interests in the Property. The Meeting of Creditors was held on June 21, 2012.

9. In connection with the protection and preservation of the real property encumbered by SunTrust's Commercial Note and Commercial Mortgage and Security Agreement, SunTrust has retained the undersigned law firm and has agreed to pay them a reasonable fee for their services.

## REQUEST FOR RELIEF FROM STAY

10. Pursuant to 11 U.S.C. Section 362(d), on request of a party in interest, after notice and a hearing, the court shall grant relief from the automatic stay: (1) for cause, including lack of adequate protection of an interest in the property of such party in interest; or (2) where the Debtor does not have equity in property and such property is not necessary for an effective reorganization.

11. SunTrust is entitled to relief from the automatic stay under Section 362(d)(1) and (d)(2) of the Bankruptcy Code because cause exists for termination of the automatic stay, including,

but not limited to the following reasons:

    a.    SunTrust lacks adequate protection of its interest in the Property because the Debtor has ceased paying and meeting its obligations to SunTrust, thereby causing a steady increase in the indebtedness owed to SunTrust; and causing SunTrust's collateral position to erode or diminish.  It would therefore be inequitable to permit the debtors to retain the collateral.

    b.    The Property is not or may not be necessary for an effective reorganization.

    c.    To SunTrust's best information and belief, the value of the collateral from the loan $620,000.00 and the amount of indebtedness owed is in excess of $574,738.74, with interest accruing at the statutory rate of 4.75%.

    d.    If SunTrust is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

    e.    A Forbearance Agreement was signed by agents of Debtor on September 27, 2010, which specifically states in Paragraph F, on Page 11 of 17 that in the event of a proceeding under the Bankruptcy Code, "all parties irrevocably and unconditionally stipulate and agree to the entry of an order by the Bankruptcy Court in any such Bankruptcy Case modifying, terminating and lifting the automatic stay of Section 362 of the Bankruptcy Code . . .including, without limitation, the filing and prosecution of a Foreclosure Action with respect thereto." A copy of said Forbearance Agreement is attached hereto as Exhibit "C".

12.    SunTrust has retained the undersigned attorneys to represent it in this action, and

are obligated to pay said attorneys a reasonable fee for their services.

13.     SunTrust has duly performed each and every act required to be performed by it under the Agreement and all conditions precedent to the filing and maintenance of this Motion have been performed or have occurred.

**WHEREFORE**, pursuant to Section 362(d)(1) and (d)(2) of the Bankruptcy Code, SunTrust respectfully requests this Court to enter an Order:

a.   Terminating the automatic stay of Section 362(a) of the Bankruptcy Code with respect to SunTrust's interest in the Property;

b.   Abandoning the Property to allow SunTrust to reclaim its property interests;

c.   Permitting SunTrust to sell the property at foreclosure sale; or

d.   Alternatively, ordering such Adequate Protection payments to justly protect and compensate SunTrust for Debtor's delinquent payments, increased indebtedness and erosion of and use of said collateral; and

e.   Granting such other and further relief as this Court deems just and appropriate.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A)*

**I FURTHER CERTIFY** that a true and correct copy of the above and foregoing Notice of Appearance And Request For Service was furnished to those parties in CM/ECF and Parties In Interest, pursuant to L.B.R. 1007-2 and/or by U. S. Mail on this 29th day of June, 2012.

Respectfully submitted,

ROGERS, MORRIS & ZIEGLER LLP

        Attorneys for Secured Creditor SUNTRUST BANK
        1401 East Broward Boulevard, Suite 300
        Fort Lauderdale, FL 33301
        Telephone: (954) 462-1431
        Facsimile:   (954) 763-2692


        BY:   */s/ Phillip R. Semenick*
            ROMNEY C. ROGERS
            Florida Bar No. 256730
            rcrogers@rmzlaw.com
            PHILLIP R. SEMENICK
            Florida Bar No. 0598623
            prsemenick@rmzlaw.com

| **Attorney for Debtors** | **U.S. Trustee** |
|---|---|
| Kenneth S. Mair | Office of the U.S. Trustee |
| 3500 N. State Rd. 7, #479 | 51 S.W. 1st Avenue |
| Fort Lauderdale, FL 33319 | Suite 1204 |
| | Miami, FL 33130 |

**Debtor**
West Broward Church of God, Inc.
4760 N. State Road 7, Bldg. D
Lauderdale Lakes, FL 33319