## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                                      Case No. 12-22665-JKO
WEST BROWARD CHURCH OF GOD, INC.                           Chapter 11

_____Debtor_____/

### DEBTOR'S MOTION TO VOLUNTARILY DISMISS CASE

**COMES NOW**, West Broward Church of God, Inc., by and through undersigned counsel, and files this Motion to Voluntarily Dismiss Case (the "Motion"), and respectfully requests this Honorable Court enter an order , pursuant to Bankruptcy Code § 1112 (b) and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure, granting a voluntary dismissal of this Chapter 11 case and in support thereof states:

**I.      Introduction**

1.  Debtor filed for a voluntary petition for Chapter 11 relief on May 25, 2012.  The Debtor continues to manage its affairs and property as debtor-in-possession pursuant to sections 1107 (a) and 1109 of the Bankruptcy Code.

2.  No creditors' committee, trustee or examiner have been appointed in this case.

3.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief requested herein are Section 1112(b) of the Bankruptcy Code and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure.

**II.     The Estate**

5.  The Debtor is a church/religious non-profit organization registered as a 501(c)3.  Debtor is the owner/occupier of real property known as "Headway Condo Unit D" located at 4760 N. State Rd. 7, Bldg. D, Lauderdale Lakes, FL 33319.  Debtor executed and delivered to Suntrust Bank in Broward County, Florida, a Commercial Note under Account No. 40496100-18 dated May 31, 2005, in the original principal amount of $693,750.00.

6. The terms were a balloon mortgage which was scheduled to become due on June 1, 2010. Upon the arrival of the balloon date, Debtor was unable to timely obtain financing to pay off the balloon mortgage.

7. Consequently, Suntrust Bank gave Debtor a forbearance for a period of two years beginning October 1, 2010 and ending on October 1, 2012, to allow Debtor to obtain new financing since Suntrust Bank did not elect to re-write the loan. Despite earnest efforts the Debtor was unable to obtain new financing in order to pay off the loan from Suntrust Bank.

8. Hence, on October 13, 2011, Suntrust Bank filed foreclosure and obtained a judicial sale date which was set for May 29, 2012. As of September 26, 2012, the principal amount owing by the Debtor to Suntrust Bank is approximately $$559,474.48. The Debtor is actively seeking financing to satisfy the Judgment in favor of Suntrust Bank. The new judicial sale date is set for November 6, 2012.

9. There are no other creditors and the Debtor is still in possession of the asset.

### III. Chapter 11 Proceeding

10. As of Petition Date, it was Debtor's intention to restructure its finances to be able to meet its obligations to the creditor.

11. On June 29, 2012, Suntrust Bank, filed its motion for relief from stay. On August 6, 2012, Suntrust's motion for relief from stay was granted.

### IV. Relief Requested

12. Courts may use their equitable power to consider each individual case, and should consider the totality of the circumstances in determining whether to grant a motion to dismiss.

14. Based on the circumstances relating to this chapter 11 case, as more fully set forth herein, the Debtor respectfully requests that this Court dismiss the Debtor's Chapter 11 case without prejudice.

### V. Basis for Relief

15. In light of the automatic stay being lifted, Debtor is obligated to continue defending Creditor's, Suntrust, action in the 17th Judicial Circuit Court.

16. To remain in bankruptcy, Debtor will need to expend significant time and effort, and incur substantial fees and costs. For example, Debtor is required to prepare and file financial statements, monthly operating reports, trustee quarterly fees, and continue defending

Suntrust's action in the 17th Judicial Circuit Court.

## VI. Administrative Matters

17. Because Debtor operated since the Petition Date, Debtor represents and affirms that all unpaid post-petition expenses or claims shall be paid as condition of dismissal of this case.

18. Debtor represents and affirms that it shall pay any fees owing to the United States Trustee as a condition of dismissal of this case.

19. Further Debtor stipulates that it will not re-file a voluntary petition for Chapter 11 relief for at least six months.

**WHEREFORE**, the Debtor, as Debtor-in-Possession, respectfully request that this Court enter an order pursuant to Section 1112(b) of the Bankruptcy Code, granting a voluntary dismissal of this case and such other and further relief as the Court deems just and proper.

Respectfully submitted,

 /s/ Kenneth S. Mair
KENNETH S. MAIR, ESQUIRE
MAIR MAIR & ASSOCIATES, P.A.
3500 N. State Road 7, Suite 479
Ft. Lauderdale, Florida 33319
Phone: (954) 730-0082
Fax:    (954) 777-0290
Florida Bar No.: 0495581
mairkenneth@yahoo.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 26, 2012, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using CM/ECF which will send a notice of electronic filing to all parties.

 /s/ Kenneth S. Mair
KENNETH S. MAIR, ESQUIRE
FBN: 0495581
Attorney for the Debtor